BUTLER COUNTY BAR ASSOCIATION *v.* BRADLEY.

[Cite as *Butler Cty. Bar Assn. v. Bradley* (1996), 76 Ohio St.3d 1.]

(No. 96–523—Submitted April 15, 1996—Decided July 3, 1996).

2

*James G. Robinson* and *Bryan G. Grevey,* for relator.

*Charles W. Kettlewell* and *Mark H. Aultman,* for respondent.

*Per Curiam.* We concur in the findings of misconduct by the board. After reviewing both the record and the board's report, we conclude that Dalrymple's estate planning information was transmitted to respondent by a non-lawyer and that the non-lawyer set the initial fee before either the client or the non-lawyer consulted with respondent. The respondent entered into a relationship that allowed the client to perceive that the setting of a fee, the obtaining of information, and the possible refund of the fee could be controlled by a non-lawyer. An attorney should avoid even the perception that his or her work can be influenced or controlled by a party other than the client. We agree with the board that a public reprimand is warranted and respondent is so reprimanded. Costs taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.