**[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 1.]**

BUTLER COUNTY BAR ASSOCIATION *v*. BRADLEY.

[Cite as *Butler Cty. Bar Assn. v. Bradley*, 1996-Ohio-439.]

*Attorneys at law—Misconduct—Public reprimand—Work influenced or controlled by a party other than the client.*

(No. 96-523—Submitted April 15, 1996—Decided July 3, 1996).

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-19.

_____

{¶ 1} The Butler County Bar Association ("relator") filed a complaint on April 18, 1994, charging respondent, Ronald L. Bradley of Cincinnati, Ohio, Attorney Registration No. 0005279, with violating several Disciplinary Rules. Respondent filed an answer asserting that his conduct was in compliance with the Code of Professional Responsibility. The parties prepared stipulations which were admitted in evidence at a May 15, 1995 hearing on the matter before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"). At the hearing the following facts were adduced.

{¶ 2} The respondent, a specialist in estate planning, was present at several seminars on that subject conducted by insurance agent, Richard Villers, in the offices of Home Federal Savings and Loan Association and attended by Helen K. Dalrymple. After one seminar in early 1991, where respondent answered general questions concerning legal matters, it was stipulated that Dalrymple briefly spoke with respondent personally following the presentation. As a result of her talk with respondent and her attendance at the seminar, Dalrymple decided to create a living trust. She contacted Villers, with whom she had discussed her financial situation many times, and he recommended that respondent be the lawyer to prepare the living trust.

**{¶ 3}** Dalrymple gave her financial documents and $850 in checks payable to respondent to Villers who had quoted that amount as respondent's fee. [Dep. p. 26] Villers transmitted both the checks and the financial information to respondent. When respondent called Dalrymple for further information, he told her that because of her previous marriage and children by that marriage, more work would be involved than previously anticipated, and he would require an additional fee of $800. She refused to pay any additional fee.

**{¶ 4}** Respondent prepared first drafts of various documents consisting of a six-page will, several powers of attorney, and a living will with related documents, all totaling forty-one pages and a seventy-two-page trust agreement made up of eighteen sections. He took them to Dalrymple's home; Dalrymple perceived them as a huge portfolio of documents and refused to execute them, believing them too extensive for her purposes. Dalrymple asked that the $850 be refunded. Respondent declined to return the fee, but offered to make any changes to the documents desired by Dalrymple. Dalrymple then took the documents to another attorney who prepared a living trust for her for $250.

**{¶ 5}** Dalrymple contacted Villers about a refund of the fee, and he told her that he intended to recover the full $850 from respondent. When Villers was unsuccessful, Dalrymple contacted the Butler County Bar Association in April 1993 to complain about her dealings with respondent. In 1995, during the course of these proceedings, respondent sent Dalrymple $250 in partial reimbursement of the fee paid to him.

**{¶ 6}** Respondent stipulated that he had violated DR 5-107(B) (avoiding influence by one other than the client). The panel so found and recommended that a public reprimand be imposed. Upon its review of the record, the board additionally found that the respondent did not meet privately with Dalrymple prior to drafting the proposed documents, and adopted the panel's recommendation that respondent receive a public reprimand.

————————————

*James G. Robinson* and *James Grevey,* for relator.

*Charles W. Kettlewell* and *Mark H. Aultman,* for respondent.

————————————

***Per Curiam.***

**{¶ 7}** We concur in the findings of misconduct by the board. After reviewing both the record and the board's report, we conclude that Dalrymple's estate planning information was transmitted to respondent by a non-lawyer and that the non-lawyer set the initial fee before either the client or the non-lawyer consulted with respondent. The respondent entered into a relationship that allowed the client to perceive that the setting of a fee, the obtaining of information, and the possible refund of the fee could be controlled by a non-lawyer. An attorney should avoid even the perception that his or her work can be influenced or controlled by a party other than the client. We agree with the board that a public reprimand is warranted and respondent is so reprimanded. Costs taxed to the respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

————————————