[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 261.]

OFFICE OF DISCIPLINARY COUNSEL *v.* BRADLEY.

[Cite as *Disciplinary Counsel v. Bradley*, 1998-Ohio-236.]

*Attorneys at law—Misconduct—Public reprimand—Directly mailing self-laudatory brochures to the general public and publishing the brochure as an insert in a local newspaper.*

(No. 98-400—Submitted April 21, 1998—Decided June 24, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-55.

———————————

{¶ 1} In September 1996, respondent, Ronald Lance Bradley of Cincinnati, Ohio, Attorney Registration No. 0005279, began directly mailing brochures to the general public outlining the advantages of living trusts. The brochures described respondent as a "leader in the creation of quality living trust documents." On October 6, 1996, respondent caused the brochure to be published as an insert to the Cincinnati Enquirer newspaper.

{¶ 2} On June 16, 1997, relator, Office of Disciplinary Counsel, filed a complaint charging that the statement in respondent's brochure was self-laudatory and in violation of the Disciplinary Rules. After respondent filed his answer, the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline ("board"). The parties stipulated that the language in the brochure was, in fact, self-laudatory and the panel so found. The panel concluded that respondent was in violation of DR 2-101(A)(1) (a lawyer shall not use any form of public communication that contains any false, fraudulent, misleading, deceptive, self-laudatory, or unfair statement) and recommended that he receive a public reprimand. The board agreed with the finding, conclusion, and recommendation of the panel.

—————————————

*Jonathan E. Coughlan*, Disciplinary Counsel, for relator.

*Mark H. Aultman,* for respondent.

—————————————

***Per Curiam.***

**{¶ 3}** We agree with the finding, conclusion, and recommendation of the board.  Respondent is hereby publicly reprimanded.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————————