[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 213.]

BUTLER COUNTY BAR ASSOCIATION *v.* BRADLEY.

[Cite as *Butler Cty. Bar Assn. v. Bradley*, 1999-Ohio-28.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Neglect of an entrusted legal matter—Failing to deposit clients' funds in identifiable bank accounts—Failing to render appropriate accounts to clients— Failing to promptly pay, upon request, funds which client is entitled to receive.*

(No. 99-1114–Submitted August 25, 1999–Decided November 10, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-28.

———————————

{¶ 1} On November 5, 1996, Joyce Piazza and her brother, Terry Schultheis, retained respondent, Ronald L. Bradley of Cincinnati, Ohio, Attorney Registration No. 0005279, to handle the estate of their deceased mother, Agnes Schultheis. Piazza paid respondent a $10,000 attorney fee and she and her brother signed a legal services agreement with respondent. On November 7, 1996, respondent opened the estate of Agnes Schultheis in the Butler County Probate Court.

{¶ 2} On December 18, 1996, Piazza retained respondent to handle the estate of her deceased father, Robert Schultheis, for a fee of $5,000, and Piazza again signed a legal services agreement with respondent. Respondent, however, never opened an estate for Robert Schultheis.

{¶ 3} Between December 18, 1996, and June 1997, Piazza met with respondent and his staff several times to prepare the inventory for the estate of

Agnes Schultheis. On June 5, 1997, after discovering that respondent had not filed any inventory in the case, Piazza advised respondent that she had contacted another lawyer to take over the case and that she wanted her files and papers back. The next day, respondent filed an inventory in the case. On the same day, Terry Schultheis met with respondent and demanded that he return the files and attorney fees for the two estate matters. Respondent told Schultheis that he did not have the money to pay back the attorney fees because he had deposited it in his general office account rather than in his IOLTA and had used the money to pay office operating expenses. Although respondent promised that he would pay the money back in thirty days, he did not.

{¶ 4} At the time respondent received $15,000 in attorney fees from Piazza for the two estate matters, he had not informed her that a Butler County Probate Court rule regulated attorney fees in probate court matters. The rule provided that attorney fees for estate administration could not be paid until the final account had been prepared for filing and that the fees were subject to review and approval by the probate court.

{¶ 5} On June 8, 1998, relator, Butler County Bar Association, filed a complaint charging respondent with violating several Disciplinary Rules. The matter was submitted upon stipulations, testimony, and exhibits to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 6} The panel found the facts as previously set forth and concluded that respondent's conduct violated 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 6-101(A)(3) (neglecting an entrusted legal matter), 9-102(A)(2) (failing to deposit clients' funds paid to lawyer in identifiable bank account with no funds of lawyer deposited therein and forbidding withdrawal of any disputed portion of funds), 9-102(B)(1) (failing to promptly

notify client of receipt of funds), 9-102(B)(3) (failing to render appropriate accounts to clients of their funds in lawyer's possession), and 9-102(B)(4) (failing to promptly pay, upon request, to client the funds in lawyer's possession which the client is entitled to receive). The panel further found no mitigating evidence and noted that respondent had been disciplined on two previous occasions. See *Butler Cty. Bar Assn. v. Bradley* (1996), 76 Ohio St.3d 1, 665 N.E.2d 1089; *Disciplinary Counsel v. Bradley* (1998), 82 Ohio St.3d 261, 695 N.E.2d 248. The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio and that his reinstatement be conditioned upon his restitution of $15,000 plus interest at ten percent per annum from the date of the hearing in the disciplinary case. The board adopted the findings, conclusions, and recommendation of the panel, except that it recommended that the interest on the $15,000 commence from the dates that Piazza paid respondent by checks.

––––––––––––––––––

*Stephen J. Brewer* and *Ralph A. Henderson*, for relator.

*James N. Perry*, for respondent.

––––––––––––––––––

***Per Curiam.***

**{¶ 7}** We adopt the findings, conclusions, and recommendation of the board, to which respondent concurs. A sanction of at least an indefinite suspension is warranted for misconduct that includes violations of DR 1-102(A)(4), 1-102(A)(5), 6-101(A)(3), and 9-102(B). See, *e.g., Disciplinary Counsel v. Reinstatler* (1990), 52 Ohio St.3d 220, 556 N.E.2d 521; *Disciplinary Counsel v. Hipp* (1990), 48 Ohio St.3d 16, 548 N.E.2d 947. Respondent is hereby indefinitely suspended from the practice of law in Ohio, and his reinstatement is conditioned on his making restitution of $15,000 to Piazza plus interest at a rate of ten percent per annum from the dates that Piazza gave respondent the checks. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————